UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANNIE CAVALIER

VERSUS

NATIONSTAR MORTGAGE, LLC

CIVIL ACTION

NO. 14-702-JWD-SCR

**RULING AND ORDER**

**I.    FACTS & PROCEDURAL HISTORY**

This matter began with an executory action previously litigated in the 21st Judicial District Court, State of Louisiana wherein Nationstar Mortgage, LLC ["Nationstar"] filed a *Petition to Enforce Security Interest by Executory Process*[1] versus Travis A. Cavalier and Annie F. Cavalier ["Cavaliers"] filed July 31, 2012. Nationstar sought to enforce a promissory note and mortgage made by the Cavaliers in favor of Homecomings Financial, LLC, which mortgage identified Mortgage Electronic Registration Systems, Inc. as lender's nominee. Nationstar alleged that the Cavaliers had defaulted on the subject promissory note. The Cavaliers were each served with *Notice of Seizure* and *Notice to Appoint Appraiser* through Travis Cavalier on August 17, 2012.[2] However, the court record does not indicate that they were served with Nationstar's *Petition*.[3] On September 3, 2013, the Cavaliers filed a *Motion for Postponement of Sheriff Sale* alleging fraud by Nationstar's legal counsel.[4] The sheriff sale was scheduled for the following day. Because the Cavaliers were not served with the *Petition*, the state court granted the Cavaliers' motion on September 4, 2013, stopping the sheriff sale.[5] On November 12, 2013,

---

[1] Docket no. 138140, *Nationstar Mortgage, LLC v. Travis A. Cavalier and Annie F. Cavalier A/K/A Annie Marie Friloux May Cavalier.*
[2] Doc. No. 6-2, pp. 36-39.
[3] Doc. No. 6-2, p. 43.
[4] Doc. No. 6-2, pp. 40-43.
[5] Doc. No. 6-2, p. 43.

1

the Cavaliers filed a *Petition for Temporary Restraining Order and/or Preliminary injunction and/or Permanent Injunction* again alleging fraud by Nationstar's legal counsel, again the day before the sheriff sale was scheduled.[6] Again, the state court granted the Cavaliers' motion, on November 13, 2013, but conditioned the order stopping the sheriff sale on the Cavaliers posting a $5,000.00 bond before the sale.[7] The bond was not furnished and the subject property was sold at sheriff sale on November 13, 2013 to Nationstar.[8] The Cavaliers then filed a *Motion for Appeal* on December 4, 2013.[9] Devolutive appeal was granted to the Louisiana First Circuit Court of Appeal.[10] On August 26, 2014, the appeal was dismissed as abandoned by the Louisiana First Circuit Court of Appeal because the Cavaliers failed to file a brief in support of their appeal.[11] Ownership of the subject property was transferred from Nationstar to Federal National Mortgage Association ["Fannie Mae"] on January 9, 2014.[12] On March 12, 2014, in the 21st Judicial District Court, State of Louisiana, Fannie Mae was issued a writ of possession for the eviction of the Cavaliers from the subject property.[13]

Plaintiff, Annie Cavalier, filed a *Petition for Damages and Temporary Restraining Order Suspending the Eviction of Plaintiff and/or Preliminary Injunction and/or Permanent Injunction and/or For the Annul the Sheriff Sale and/or For the Return of the Property* against Defendant, Nationstar Mortgage, LLC, in the 21st Judicial District Court, State of Louisiana on October 15, 2014.[14] Nationstar removed the matter to this Court on November 5, 2014.[15] Plaintiff alleges

---

[6] Doc. No. 6-2, pp. 44-48.
[7] Doc. No. 6-2, p. 49.
[8] Doc. No. 6-2, pp. 101-05.
[9] Doc. No. 6-2, pp. 84-87.
[10] Doc. No. 6-2, p. 88.
[11] Doc. No. 6-2, pp. 111-13.
[12] Doc. No. 6-2, pp. 106-10.
[13] Doc. No. 6-2, p. 100; 21st J.D.C. Docket no. 138140, *Federal National Mortgage Association v. Travis A. Cavalier and Annie F. Cavalier A/K/A Annie Marie Friloux May Cavalier*.
[14] Doc. No. 1-1; 21st J.D.C. Docket no. 146657, *Annie Cavalier v. Nationstar Mortgage, LLC*.
[15] Doc. No. 1.

that previous state court executory action resulted in an invalid judgment because the evidence presented to the state court in support of the executory action was fraudulent.[16] Nationstar moved to dismiss pursuant to FRCP Rule 12(b)(6) on the ground that the Plaintiff's claims are *res judicata*.[17]

## II. APPLICABLE LAW

### A. Dismissal Under Federal Rule Of Civil Procedure 12(b)(6)

Nationstar's Motion to Dismiss[18] is based on a defense raised pursuant to FRCP Rule 12(b)(6) that Plaintiff's Petition fails to state a claim upon which relief can be granted. This court is limited to a review of the facts stated in the complaint, documents attached to the complaint, and matters of which judicial notice may be taken under FRE Rule 201 when considering Defendant's Motion to Dismiss.[19] A claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought.[20]

### B. Res Judicata Under La. R.S. 13:4231

The Supreme Court has held that, "under the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give."[21] "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes

---

[16] Doc. No. 1.
[17] Doc. No. 6.
[18] Doc. No. 6.
[19] *Norris v. Hurst Trust*, 500 F.3d 454, 461, n.9 (5th Cir. 2007); *see Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009).
[20] Fed. Rul. Civ. P. 8.
[21] *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986); 28 U.S.C. § 1738.

3

beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken."[22]

In Louisiana, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review.[23] Louisiana Revised Statutes, Title 13, Section 4231, provides as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment;
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action;
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

In 1990, the Louisiana *res judicata* statute was amended to change the law by adopting the principle of issue preclusion.[24] The Louisiana law of *res judicata* now provides for both claim preclusion and issue preclusion.[25] Claim preclusion precludes multiple actions arising from the same transaction or occurrence.[26] Issue preclusion precludes relitigation of issues actually adjudicated and essential to the judgment in a prior suit between the parties on a different cause of action.[27] The requirements for a claim or an issue to be *res judicata* are that there is a valid and final judgment and that the judgment was issued in a case between the same

---

[22] *Parsons Steel*, 474 U.S. at 523 *quoting Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 (1982); *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).
[23] La. R.S. 12:4231.
[24] La. Rev. Stat. Ann. § 12:4231, cmt. (b)(1990).
[25] *Id.*
[26] La. Rev. Stat. Ann. § 12:4231, cmt. (a)(1990).
[27] *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000) *citing Kaspar Wire Works, Inc., v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978).

parties, as in the instant case.[28] For an issue to be precluded, the issue must have been actually litigated and determined in the previous action and that determination must have been essential to the judgment in the previous action.[29] A valid judgment is one that was rendered by a court with jurisdiction over subject matter and over parties, and proper notice must have been given.[30] The judgment must also be a final judgment, that is, a judgment that disposes of the merits in whole or in part.[31]

### III. ANALYSIS

Plaintiff Cavalier brings this action seeking monetary damages, injunctive relief, nullification of the sheriff sale, and return of the subject property.[32] Plaintiff's cause is based on an allegation that the final judgment in the previous litigation was obtained by fraud perpetrated by Defendant Nationstar.[33] Defendant Nationstar moves that Plaintiff Cavelier's *Complaint* should be dismissed for failure to state a claim upon which relief can be granted in its FRCP Rule 12(b)(6) Motion to Dismiss.[34] Nationstar argues that Cavalier's claims are barred by issue preclusion under La. R.S. 13:4231.[35] The Louisiana state court issued a writ of seizure and sale of the subject property, which Nationstar argues is a final judgment under Louisiana law.[36] Nationstar does not address the validity of the judgment in its motion to dismiss, but there is no doubt that the writ of seizure and sale was rendered in a court with jurisdiction over the subject matter and over the parties. Further, in the Louisiana state court's proceedings, Cavalier was served with a notice of seizure and notice to appoint appraiser and then filed two motions for

---

[28] La. R.S. 13:4231.
[29] La. R.S. 13:4231(3).
[30] La. Rev. Stat. Ann. § 13:4231, cmt. (d)(1990).
[31] *Id.*
[32] Doc. No. 1-1.
[33] Doc. No. 1-1.
[34] Doc. No. 6.
[35] Doc. No. 6-1.
[36] Doc. No. 6-1.

5

injunctive relief. A writ of seizure and sale in an executory proceeding instituted by a foreclosing creditor against the borrower is a final judgment for *res judicata* purposes once the sale has occurred.[37] After the Louisiana state court issued the writ of seizure and sale, the subject property was sold at sheriff sale on November 13, 2013.[38] Therefore, the writ of seizure and sale of the subject property issued by the Louisiana state court was a valid and final judgment.

Nationstar argues that Plaintiff is again raising the same issue already litigated in the state court proceeding. For an issue to be precluded, the issue must have been actually litigated and determined in the previous action and that determination must have been essential to the judgment in the previous action.[39] The issue forming the basis of Plaintiff's claim is fraud. Plaintiff also argued the fraud issue in the Louisiana state court in two motions for injunctive relief.[40] The state court issued the writ of seizure and sale. The writ of seizure and sale does not state that the Louisiana state court considered Plaintiff's argument and determined that it was without merit. A judgment need not address every issue for *res judicata* to attach and a demand not granted or reserved in the judgment must be considered as rejected.[41] The legal effect of the silence of a judgment on any part of a demand that might have been allowed under the pleadings is a rejection of such part of the demand, which tacit rejection has the force and effect of *res judicata* against subsequent suit for such part of the demand.[42] The allegation of fraud was brought before the Louisiana state court on two separate occasions and the court still ordered the

---

[37] *Nationstar Mortg., LLC v. Harris*, 141 So.3d 829, 834 (La. App. 4 Cir. 2014) *distinguishing Countrywide Home Loans Servicing, LP v. Thomas*, 113 So.3d 355, 358 (La. App. 4 Cir. 2013).
[38] Doc. No. 6-2, pp. 101-05.
[39] La. R.S. 13:4231(3).
[40] Doc. No. 6-2, pp. 40-43 and 44-48.
[41] *See Ken Lawler Builders, Inc. v. Delaney*, 840 So.2d 672, 675 (La. App. 2 Cir. 2003) *citing Soniat v. Whitmer*, 74 So. 916 (La.1917).
[42] *Ken Law Builder*, 840 So.2d at 675 *citing Edenborn v. Blacksher*, 86 So. 817 (La. 1921).

seizure and sale of the subject property. The Plaintiff's present fraud allegation is an issue barred by *res judicata*.

Plaintiff argues that her *Petition* states enough facts to assert a claim that is plausible on its face and is, therefore, a claim upon which relief can be granted. While fact pleading is an element of a claim for relief, this does not mean that a complete complaint cannot be barred by *res judicata*.

Plaintiff also argues that *res judicata* does not apply because she filed for injunctive relief prior to the sheriff sale, but Plaintiff's argument is based on analysis of three Louisiana appellate cases wherein *res judicata* was applied.[43] Plaintiff concluded that, in those three cases, each state appellate court required that no action had been taken by the debtor to stop the executory proceeding prior to the sale. That is not the holding of any of these cases. For instance, the Louisiana First Circuit Court of Appeal held that, in the case of a subsequent suit that would otherwise be barred by *res judicata*, when the first action was by executory process and the subsequent action makes a claim for negligence, the negligence claim is not *res judicata* because it could not have been brought in the executory proceeding, but the other claims were barred by *res judicata*.[44] The issue therein being that a new claim was raised and that the new claim could be precluded by *res judicata* if it could have been raised in the executory proceeding.

Plaintiff further urges that, while one of her claims may be barred by *res judicata*, her claim for damages is not *res judicata*. However, the *res judicata* provision applicable to the Plaintiff's *Petition* is issue preclusion, not claim preclusion. Plaintiff's claim for damages is premised on the same allegation of fraud (issue) raised in the Louisiana state court proceeding.

---

[43] *See Avery v. CitiMortgagae*, 15 So.3d 240 (La. App. 1 Cir. 2009); *Countrywide Home Loans Servicing, LP v. Thomas*, 113 So.3d 355 (La. App. 4 Cir. 2013); and an unreported decision *Regions Bank v. Rauch*, 2012 CA 232 (La. App. 1 Cir. 2012).
[44] *Avery*, 15 So.3d at 244.

7

The Louisiana Fourth Circuit Court of Appeal has held: "Where an order of executory process has become final and nonappealable, the doctrine of res judicata is applicable and precludes recovery of damages for wrongful seizure of property."[45] In *Avery*, *supra*, the damages sought were for negligence in application of the mortgagee's payments.[46] Plaintiff has not alleged negligence in the application of her note payments.

IV. **CONCLUSION**

Plaintiff has not stated a claim upon which relief can be granted and Nationstar's *Motion to Dismiss*[47] is hereby granted. Plaintiff, Annie Cavalier's *Complaint*[48] is dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on <u>July 20, 2015</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[45] *Thomas*, 113 So.3d at 360-61.
[46] *Avery*, 15 So.3d at 244.
[47] Doc. No. 6.
[48] Doc. No. 1-1.